IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>THEODORE WILLIAM WHITE, JR. and PORSCHA SHIROMA,<br><br>Debtors.<br><br>J. KEVIN BIRD, Trustee,<br><br>Plaintiff/Appellant,<br><br>v.<br><br>Defendants/Appellees. | MEMORANDUM DECISION AND ORDER AFFIRMING THE ORDER OF THE BANKRUPTCY COURT GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON TRUSTEE'S FIRST CLAIM FOR RELIEF<br><br><br>Case No. 2:18-CV-751 TS<br><br>District Judge Ted Stewart |

The case before the Court arises out of an appeal by Appellant J. Kevin Bird, Trustee ("Trustee") of the estate of Theodore William White, Jr. and Porscha Shiroma (collectively, "Debtor") of the Bankruptcy Court's order granting Appellees' Ryan B. White, personal representative of the estate of Theodore W. White, Sr., and Myrna White ("Defendants") motion for summary judgment.

I. BACKGROUND

Debtor's legal battles began over twenty years ago, in 1998. He was wrongfully convicted and spent approximately seven years in prison before being exonerated and released in 2005. On August 28, 2008, Debtor obtained a judgment of $15 million against those who had wrongfully accused him. One month later and prior to receiving the money from the judgment, Debtor executed a promissory note ("Note") on September 29, 2008, indicating that $1 million would be paid to Defendants and four other payees once Debtor received full payment of the compensatory

1

damages portion of the judgment. Debtor received the money judgment on July 21, 2011, and the following day, Debtor paid $1 million to the Defendants.

On May 30, 2014, Debtor filed for Chapter 7 bankruptcy. On May 30, 2016, Trustee filed an adversary proceeding against Defendants to recover the $1 million payment made by Debtor to Defendants, citing 11 U.S.C. §§ 544 and 550 and Utah's adoption of the Uniform Fraudulent Transfer Act ("UFTA"), specifically Utah Code Annotated §§ 25-6-5 and -6.[1] Under those statutes, Trustee is seeking to avoid the payment as constructively fraudulent.

On May 29, 2018, Defendants filed a motion for summary judgment as to Trustee's first claim for relief in the Bankruptcy Court for the District of Utah.[2] The Bankruptcy Court granted Defendants' motion for summary judgment on September 6, 2018.[3] Trustee has appealed the Bankruptcy Court's order to this Court.[4]

## II. SUMMARY JUDGMENT STANDARD

"In reviewing a bankruptcy court's grant of summary judgment, the district court reviews the case *de novo* applying the same legal standards used by the bankruptcy court, namely

---

[1] These sections were renumbered in 2017, however the pre-amendment statutes will be cited throughout this opinion. *See Windham for Marquis Properties, LLC v. Lawson*, Case No. 2:18-cv-00054-JNP-DBP, 2019 WL 220126, at *2 n.3 (D. Utah, Jan. 16, 2019) (citing Utah Code Ann. § 25-6-406(2)(b)) ("In 2017, the Utah Legislature renumbered the provisions of the UFTA and changed the name of the Act to the Uniform Voidable Transactions Act. But the amendments 'do not apply to a transfer made or obligation incurred before May 9, 2017.'").

[2] *See* Docket No. 16-1, Appx. 00015.

[3] *Id*. Appx. 00251.

[4] *See* Docket No. 16.

Fed.R.Civ.P. [56(a)]."[5] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[7] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[8]

III. DISCUSSION

Upon review, the Court finds that pursuant to 11 U.S.C. § 544 and Utah Code Ann. § 25-6-5 and -6, Trustee is barred from contesting the $1 million transfer because he is time-barred from contesting the validity of the Note.

Pursuant to § 544, "a Trustee has the rights and powers to avoid a broad range of property transfers made, or obligations incurred by a debtor"[9] and therefore "[u]nder § 544(b), a 'trustee may avoid any transfer of an interest of the debtor . . . that is voidable under applicable law by a[n] [unsecured] creditor."[10] "[T]rustee's powers under [§ 544(b)] are predicated on the non-

---

[5] *Gillman v. Russell (In re: Twin Peaks Fin. Servs., Inc.)*, 562 B.R. 519, 523 (D. Utah, 2016) (citing *Stat-Tech Int'l Corp. v. Delutes (In re Stat-Tech Int'l Corp.)*, 47 F.3d 1054, 1057 (10th Cir. 1995)).

[6] FED. R. CIV. P. 56(a).

[7] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[8] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[9] *Rushton v. Bevan (In re D.E.I. Systems, Inc.)*, 996 F. Supp. 2d 1142, 1145 (D. Utah 2014).

[10] *Sender v. Simon*, 84 F.3d 1299, 1304 (10th Cir. 1996) (quoting 11 U.S.C. § 544(b)(1)). *See also West v. Christensen (In re Christensen)*, Bankruptcy No. 11-30743, 2014 WL 1873401, at *5 (Bankr. D. Utah, May 8, 2014) ("Section 544(b)(1) allows a trustee to step into the shoes of

bankruptcy law, usually state law, applicable to the transaction sought to be avoided."[11] So here the Court must look to the applicable state law, Utah's version of the Uniform Fraudulent Transfer Act, specifically Utah Code Ann. §§ 25-6-5 and -6. These sections outline the parameters for avoiding fraudulent transfers or obligations by present or future creditors.[12] However, a statute of limitations applies to bringing a claim to contest the validity of a transfer or obligation under §§ 25-6-5 and -6. According to § 25-6-10, a claim for relief brought under §§ 25-6-5 and -6 is "extinguished unless action is brought . . . no later than four years after the transfer was made or the obligation was incurred . . . ."[13]

In order to contest the transfer as fraudulent, Trustee must have the ability to invalidate the "underlying contract as a fraudulently incurred obligation."[14] But he lacks that ability here. Debtor became contractually obligated to Defendants to pay $1 million when the Note was signed by all parties on September 29, 2008. Almost three years later, on July 22, 2011, Debtor paid Defendants the $1 million designated in the Note. Debtor filed for bankruptcy on May 30, 2014, well within the four years that Trustee contends would allow him to challenge the validity of the transfer. But the time to challenge the Note had passed at that point, expiring in 2012. Because Trustee brought

---

an actual creditor who could have avoided the transfer outside bankruptcy using a state-law cause of action.") (quoting *In re Equip. Acquisition Res., Inc.,* 742 F.3d 743, 744 (7th Cir. 2014)).

[11] *Id. See also Sender v. Buchanan (In re Hedged-Inv. Assocs., Inc.)*, 84 F.3d 1281, 1285 n.6 (10th Cir. 1996) ("[§ 544] is typically invoked by trustees to pursue state law fraudulent transfer or conveyance claims."); *Merrill v. Abbott (In re Indep. Clearing House Co.)*, 77 B.R. 843, 863 (D. Utah 1987) ("The 'applicable law' for determining the rights of an unsecured creditor to avoid a transfer is state law.").

[12] *See* Utah Code Ann. §§ 25-6-5 to -6.

[13] *Id.* § 25-6-10(2) (2016).

[14] *Cox v. Nostaw, Inc. (In re Cent. Ill. Energy Coop.)*, 526 B.R. 786, 791 (C.D. Ill. 2015) (collecting cases).

4

the claim contesting the transfer well after the time to contest the Note had run out, under § 25-6-10, Trustee is time-barred from avoiding the Note and therefore cannot attempt to invalidate the $1 million transfer under § 544 and §§ 25-6-5 and -6.

Further, even if Trustee had brought a claim under 11 U.S.C. § 541, Trustee, stepping into the shoes of a debtor,[15] cannot contest the validity and enforceability of the Note for lack of consideration. A "trustee . . . is bound by any waiver of a defense made by the debtor before the filing of its petition in bankruptcy . . . ."[16] In this case, Debtor paid Defendants the $1 million as soon as he received the money, well before filing for bankruptcy, and therefore fulfilling his responsibilities under the Note by meeting the condition to pay Defendants upon receipt of the settlement money. Therefore, Debtor's act in delivering the $1 million payment to Defendants constructively waived his right, and as a result Trustee's right, to contest the validity of the Note for lack of consideration later on. Trustee is consequently barred from pursing a lack of consideration claim under § 541.

Based upon the conclusions reached above, the Court need not address Trustee's remaining arguments. Therefore, the Court affirms the final order of the Bankruptcy Court granting Defendants' motion for summary judgment on Trustee's first claim for relief.

It is therefore

ORDERED that the order of the Bankruptcy Court is AFFIRMED.

---

[15] *Id*. at 792.

[16] COLLIER ON BANKRUPTCY, ¶ 558.01 (Richard Levin & Henry J. Sommer eds., 16th ed.). *See also In re Cent. Ill. Energy Coop.*, 526 B.R. at 795 (collecting cases) ("A party to a contract who accepts its counterparty's performance under the contract may not later challenge the enforceability of the contract, effectively having waived such rights.") (citing *Hines v. Ward Baking Co.*, 155 F.2d 257, 259 (7th Cir. 1946)).

DATED this 22nd day of July, 2019.

BY THE COURT:

_____
Ted Stewart